# United States Court of Appeals for the Fifth Circuit

_____

No. 25-60124
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

October 22, 2025

Lyle W. Cayce
Clerk

Jose Odilio Flores-Alfaro,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A205 728 704

_____

Before Barksdale, Oldham, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Jose Odilio Flores-Alfaro, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' (BIA) vacating the Immigration Judge's (IJ) granting his withholding of removal under the Convention Against Torture (CAT). He contends substantial evidence does not support the BIA's concluding he: failed to show he more likely than not

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

would be tortured by prison guards in El Salvador; and instead faces "harsh conditions"—not torture—in El Salvadoran prisons. For the following reasons, he fails to show he is entitled to relief.

Our court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual findings are reviewed for substantial evidence; its legal conclusions, *de novo*. *Id.* Findings of fact, including an applicant's eligibility for withholding of removal and relief under CAT, are reviewed under the substantial-evidence standard. *E.g.*, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under this standard, our court will not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion. *E.g.*, *Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018) (emphasis in original) (citation omitted). Flores fails to meet this demanding standard.

To obtain withholding of removal under CAT, Flores was required to show he more likely than not would be tortured if removed to El Salvador. *E.g.*, *Morales-Morales v. Barr*, 933 F.3d 456, 464 (5th Cir. 2019). Torture is defined, in relevant part, as any "act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person", *Chen*, 470 F.3d at 1139 (citation omitted); *accord Morales-Morales*, 933 F.3d at 464; and the torture must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity", *Chen*, 470 F.3d at 1141 (citation omitted).

Regarding Flores' first contention, he asserts the BIA failed to engage with country-conditions evidence in the record and, accordingly, mischaracterized the IJ's decision as excluding the potential of torture. Review of the record reflects the BIA considered the country-conditions evidence. Furthermore, the IJ's decision relied on prison conditions in El

No. 25-60124

Salvador to conclude he would be tortured if removed. The IJ did not clarify how he would individually endure harsh treatment in El Salvadoran prison. *E.g.*, *Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019) (holding "[g]eneralized country evidence tells us little about the likelihood state actors will torture any particular person").

Turning to Flores' second assertion, he contends substantial evidence does not support the BIA's concluding he would face "harsh conditions"—not torture—in an El Salvadoran prison. Torture under CAT is not established by showing only harsh prison conditions exist. *E.g.*, *Matter of J-R-G-P-*, 27 I. & N. Dec. 482 (BIA 2018). Moreover, he fails to show: Salvadoran authorities maintained harsh prison conditions for the purpose of torturing detainees; or he more likely than not would be tortured if removed to El Salvador. *E.g.*, *Chen*, 470 F.3d at 1139–41; *Qorane*, 919 F.3d at 911.

DENIED.